NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1884.

### KILFOY v. POWERS.

*In the matter of the estate of* THOMAS POWERS,
*deceased.*

Alienage is not a bar to heirship.

Under the provision of Code Civ. Pro., § 2615, requiring the heirs of a
decedent to be cited upon an application for the probate of a paper
propounded as his will, where the same relates to real property, a
non-resident alien brother and sister of a deceased citizen of the
United States, if among his next of kin, are entitled to citation ; the
latter inheriting, in case of intestacy, as if a citizen, and the former in
like manner, subject to a conditional defeasance, enforceable at the
instance of the State.

UPON application by John Powers, a brother of
decedent, for the probate of the latter's will, a
question arose as to the necessity for citing Bridget
Kilfoy and David Powers, decedent's non-resident
alien brother and sister.

WILLIAM A. HAGGERTY, *for proponent.*

THE SURROGATE.—The decedent, who, at the time
of his death, was a citizen of the United States,
owning real estate in this county, died here in July
last. Among his surviving next of kin are a sister
and a brother, both non-resident aliens. A paper
purporting to be his last will, and to devise to his
wife and to a brother residing in the United States
certain real property, having been offered for pro-
bate, the question has arisen as to the necessity of
issuing citations to this alien brother and sister.

Section 2615 of the Code of Civil Procedure directs that, upon an application for the probate of a will affecting real estate, all the "heirs" of the testator must be cited. Are the alien brother and sister of this decedent to be deemed his "heirs," within the meaning of this section? "An heir," says Blackstone, "is he upon whom the law casts the estate immediately on the death of the ancestor" (2 Blacks. Comm., ch. 14, p. 201). At common law, aliens were incapable of taking by descent, and they were formerly under the same incapacity in the State of New York (2 Kent's Comm., 53; Lynch v. Clarke, 1 *Sandf. Ch.*, 640). This disability was removed by the act of 1845. That act (L. 1845, ch. 115, § 4; as am'd, L. 1874, ch. 261, and L. 1875, ch. 38 [3 *Banks*, 7*th ed.*, 2170]), recognizes the right of alien kin of a person deceased, who was, at the time of his death, a resident alien, or a citizen of the United States, to take, *as his heirs*, the lands which would have descended to them in that capacity, had they been citizens of the United States. The title of an alien male of full age is, however, made defeasable by the State, upon his failure to file an affirmation or deposition respecting his intended citizenship, in the manner provided by § 1 of the act. That, under the provisions of this statute, non-resident aliens can take by descent seems too plain to be doubted, and has been often expressly asserted by our courts (Goodrich v. Russell, 42 *N. Y.*, 177; Luhrs v. Eimer, 80 *N. Y.*, 171; Hall v. Hall, 81 *N. Y.*, 131).

I hold, therefore, that this decedent's sister, though a non-resident alien, is entitled, if he shall be found

to have died intestate, to the same interest in his real estate that she could take, were she a citizen of the United States, and that his alien brother is entitled to a like interest, subject to be defeated by the State, and only by the State, in case he should neglect to make and file the deposition or affirmation that the statute requires.

Both brother and sister must, therefore, be cited.